The document below is hereby signed.

Signed: February 27, 2014



_S. Martin Teel, Jr._
_United States Bankruptcy Judge_

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MARTHA L. BATTLE, | ) | Case No. 13-00790 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER RE
DEBTOR'S MOTION TO ENTER ORDER IMPOSING,
WITH THE DEBTOR'S CONSENT, UNILATERAL OBLIGATIONS
ON THE DEBTOR FOR THE PROTECTION OF THE SECURED CREDITOR

The debtor has filed a motion seeking entry of the attached proposed order. Toyota Motor Credit Corporation ("Toyota"), the affected creditor, opposes the motion on the grounds that the debtor is seeking to reaffirm the debtor's obligations outside of the requirements of 11 U.S.C. § 524.[1] The proposed order does not purport to reaffirm the debtor's debt under the car note. The forthcoming discharge will discharge that debt, and by reason of the discharge injunction, such debt will not be enforceable as a personal obligation of the debtor. The debt, however, will

---

[1] Toyota supplemented its response to further object on the grounds that the proposed order seeks relief that is not requested in the debtor's motion.

still be enforceable as an *in rem* obligation against the car that secures repayment of the debt. The proposed order clarifies the right of Toyota to enforce that obligation, and sets forth the debtor's commitment to keep the car insured as part of her attempt, postpetition, to encourage Toyota not to repossess the car in enforcement of the *in rem* debt so long as the debtor remains current in voluntarily making the car note payments that remain as an *in rem* debt. The order: (1) clarifies that notwithstanding the debtor's forthcoming discharge, Toyota may issue dunning notices (so long as the car has not been repossessed and sold) regarding payments that need to be made in order to prevent a sale of the car, thereby removing any doubt whether such dunning notices can be sent; (2) commits the debtor to insuring the vehicle, thus protecting the value of Toyota's *in rem* rights; and (3) makes clear that the debtor will be responsible for any losses arising from her interference with Toyota's lawful repossession efforts.[2]

It is the debtor's discharge, and not the proposed order, that will relieve the debtor of any personal obligation on the note secured by the car, and Toyota's other rights (including its

---

[2] The discharge injunction does not shield the debtor from claims that arise post-petition as a result of the debtor's wrongful interference with a creditor's exercise of its lawful rights. The proposed order is an acknowledgment by the debtor that she is responsible for losses that arise out of such conduct, but from a practical standpoint, the obligation exists with or without the order.

lien rights securing payment of the note obligation) remain unaltered.  *See In re Brown*, 2009 WL 150630 (Bankr. D.D.C. Jan. 21, 2009) (available for viewing on the court's website at http://www.dcb.uscourts.gov/dcb/reaffirmation-agreement).  The proposed order does not alter the operation of § 521(a)(6) or prevent the termination of the automatic stay if the debtor fails to either enter into a reaffirmation agreement or redeem the property within 45 days after the first meeting of creditors.  Nevertheless, it may be that foregoing repossession so long as the debtor makes monthly payments is in Toyota's best interest.  Because the order does not alter Toyota's rights, and, indeed, clarifies its *in rem* rights and commits the debtor to keeping the car insured, it has no standing to complain regarding the entry of the order.  It is thus

ORDERED that Toyota Motor Credit Corporation's Objection to entry of the debtor's proposed order is OVERRULED.

[Signed and dated above.]


Copies to: Recipients of e-notification of filings.

Proposed Order: to be separately issued.

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLUMBIA

IN   RE:                                              :            Case No.  13-00790
  Martha L. Battle                                                    Chapter  7
          Debtor

ORDER IMPOSING, WITH THE DEBTOR'S CONSENT, UNILATERAL OBLIGATIONS ON THE DEBTOR FOR THE PROTECTION OF THE SECURED CREDITOR

UPON consideration of the debtor's Motion to Consent to Unilateral Obligations for the Protection of Secured Creditor, Toyota Motor Credit Corp. ("the creditor"), which calls for payments of $435.44, it is

ORDERED THAT the automatic stay of 11 U.S.C. section 362(a) and the forthcoming discharge injunction of 11 U.S.C. section 524(a)(2) which will arise upon the debtor's receiving a discharge are modified as follows:

(1) The debtor shall be obligated to pay for any loss arising from the failure to insure the car or from any interference with (or other failure to comply with the debtor's obligations relating to facilitating) the creditor's right to repossess the car, and the creditor's pursuit of a claim in that regard will not constitute a violation of the automatic stay or the discharge injunction;

(2) So long as it has not repossessed and sold the motor vehicle, the creditor (and its successors and assigns, and any entity on whose behalf it has acted) may send notices or make statements to the debtor:

    (i)    Regarding payments that are due or are to come due, which may include demands for payment,
    (ii)   Regarding the debtor's obligation to keep the car insured in favor of the lienor or required by the parties' contract, or
    (iii)  Embodying threats of repossession (or threats of sale after repossession) if

    a default has arisen or should arise under the parties' contract, and such notices or statements shall not be construed as an act to collect the debt as a personal liability of the debtor, but this shall not subject the debtor to any personal liability for the debt, and

  (3)The creditor (and its successors and assigns, and any entity on whose behalf it has acted) may accept payments received pursuant to such notices. It is further

  ORDERED that the debtor is advised that by reasons of the receipt of a discharge, he will not be personally obligated to make monthly payments that come due as owed to the creditor, but that he may elect voluntarily to make such payments if he wishes to avoid a monetary default pursuant to which the creditor might opt to enforce its lien against his vehicle.  It is further

  ORDERED that actions taken by the secured creditor pursuant to the foregoing provisions will not violate the debtor's discharge or the automatic stay.

Copies to debtor and

Harris S. Ammerman, Esq.
1115 Massachusetts Ave. NW
Washington, D.C. 20005

William Douglas White
McCarthy & White
1751 Pinnacle Dr., Suite 1115
McLean, VA 22102

  <u>AGENT FOR TOYOTA MOTOR SERVICES</u>
National Bankruptcy Services, LLC
ATTN:  Keena Newmark, Esq.
Curtis Rhett and Shelly Segovia
14841 Dallas Parkway, Suite 300
Dallas, TX 75254

Martha Battle
98 Galveston St. SW #201
Washington, D.C. 20032

        End of Order